UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
        25-CR-340(DG)
UNITED STATES OF AMERICA,

        United States Courthouse
        Brooklyn, New York

   -against-     November 18, 2025

ERIC ZHU,

   Defendant.
--------------------------------x

 TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT AND PLEADING
    BEFORE THE HONORABLE MARCIA M. HENRY
     UNITED STATES MAGISTRATE JUDGE


APPEARANCES

For the Government:   UNITED STATES ATTORNEY'S OFFICE
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201
        BY:  PATRICK J. CAMPBELL, AUSA
         LEONID SANDLAR, AUSA

For the Defendant:   LAW OFFICES OF SCOTT B. TULMAN &
        ASSOC.,
        18 Haights Cross Road
        Chappaqua, New York 10514
        BY:  SCOTT B. TULMAN, ESQ.


Transcription Service: Georgette K. Betts, RPR, FCRR, CCR
        Phone:  (201)314-3902
        Email:  Georgetteb25@gmail.com




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

PROCEEDINGS

(In open court.)

THE COURTROOM DEPUTY:  This is a criminal cause for arraignment in pleading in 25-CR-340, U.S.A. versus Eric Zhu.

Would counsel please state their appearance for record.  We'll start with the government.

MR. CAMPBELL:  For the United States, Patrick J. Campbell and Leonid Sandlar.

Good afternoon.

THE COURT:  Good afternoon to each of you.

MR. TULMAN:  Good afternoon, your Honor.  Scott Tulman for the defendant Eric Zhu and to my right is Eric Zhu.

THE DEFENDANT:  Good afternoon, your Honor, Eric Zhu.

THE COURT:  Good afternoon to each of you as well.

Everyone can remain seated just be sure to speak into the microphone as this proceeding is being recorded.

Counsel, how are you proceeding today?

MR. TULMAN:  We are proceeding today I believe, your Honor, with an arraignment on an information followed by a guilty plea.

THE COURT:  Is that also --

MR. TULMAN:  I'm sorry, I stood up.  I automatically stand up.

PROCEEDINGS

THE COURT:  I know --

MR. TULMAN:  I will remember to sit down.

THE COURT:  -- it's a hard habit to break.  It's okay.

So Mr. Zhu, I do have an information before me containing the charges against you.  What I will do is review the charges with you first and then we will turn to any potential plea proceedings.

The information that I have charges you in its sole count with conspiracy to commit healthcare fraud between approximately January 2020 and August 2025.  This crime is alleged to have occurred in the Eastern District of New York and elsewhere.

The charge also includes a forfeiture allegation.

Mr. Tulman, have you received a copy of the information?

MR. TULMAN:  I have, your Honor, and I have reviewed it with my client.

THE COURT:  Are you satisfied that he understands the charge against him?

MR. TULMAN:  I am so satisfied -- I am satisfied, your Honor.

THE COURT:  Have you advised him of his rights?

MR. TULMAN:  I have advised him of his rights, your Honor.

PROCEEDINGS

THE COURT:  Would you like me to read the information aloud or do you waive the public reading?

MR. TULMAN:  I would waive the public reading of the information, your Honor.

THE COURT:  Now the information that I just reviewed charges a federal felony punishable by prison for more than one year.  Is your client waiving indictment?

MR. TULMAN:  He is prepared to waive indictment, your Honor.

THE COURT:  Okay.  Do I have a waiver?

(Pause in proceedings.)

THE COURT:  Well, while we are taking this brief pause, I can actually explain to you what a waiver of indictment means, and then once the actual document indicating your waiver is available, I can explain that to you as well.

So under the United States Constitution, you have the right to have the evidence against you presented to a grand jury.  A grand jury is a group of people that includes at least 16 but not more than 23 people.  The grand jury would determine whether or not there is probable cause to believe that you committed a particular crime, specifically the one named in the information.  It would be in an indictment.  If the majority of the members of the grand jury found probable cause, then they could return an

PROCEEDINGS

5

indictment against you.  That's a document charging you with the crime.  But if they did not find probable cause, then there would not be any charges brought against you in an indictment.  If you agree to waive or give up your right to indictment, then the case would proceed against you by the United States Attorney's information just as if you had been indicted.

          Do you understand that?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I will await a written document to more fully describe the right that you have.

          (Pause in proceedings.)

          THE COURTROOM DEPUTY:  Can you just make it the 18th today.

          MR. TULMAN:  The 18th?

          THE COURTROOM DEPUTY:  November 18th, right here. Thank you.

          THE COURT:  All right.  I have a form entitled Waiver of an Indictment before me.

          And have you had a sufficient amount of time to discuss this document with your attorney?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  And is this your signature on the first signature line?

          THE DEFENDANT:  Yes.

PROCEEDINGS

THE COURT:  And Mr. Tulman, is this your signature underneath your client's?

MR. TULMAN:  It is, your Honor.

THE COURT:  All right.  Let me just summarize what the document says.

It says that you understand that you've been accused of one or more offenses punishable by imprisonment for more than one year.  It says that you were advised in open court of your rights and the nature of the charge against you.  It also says that after receiving this advice, that you are giving up your right to be prosecuted by indictment and that you agree to be prosecuted by information.  It's also dated today, November 18th, 2025.

Do you understand what I just described to you?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  And have you discussed with your counsel the matter of waiving or giving up your right to be -- to an indictment by a grand jury?

THE DEFENDANT:  I have, your Honor.

THE COURT:  Has anyone threatened you or made any promises to you other than any potential plea agreements to give up your right to be indicted by a grand jury?

THE DEFENDANT:  I have not, your Honor.

THE COURT:  Do you wish to give up your right to be indicted by a grand jury?

PROCEEDINGS

MR. TULMAN:  Yes, your Honor.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you agree to proceed on the U.S. Attorney's information, the document that I described at the beginning of the proceeding?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Tulman, are you satisfied that your client understands what it means to waive indictment?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Do you see any reason why your client should not waive indictment?

MR. TULMAN:  No, your Honor.

THE COURT:  And I find that the defendant's waiver of indictment is knowingly and voluntarily made.  I accept the waiver and I have signed it.

Now, you indicated, Mr. Tulman, that your client is prepared to enter a guilty plea here today.

MR. TULMAN:  Yes, your Honor.  He would for purpose or arraignment, enter a plea of not guilty on the information and then would seek to withdraw his plea of not guilty and to enter a plea of guilty to that information.

THE COURT:  All right.  Thank you.

So then for arraignment purposes, a not guilty plea will be entered as to the sole count in the information.  However, because I have been advised, Mr. Zhu,

PROCEEDINGS                                                8

that you do wish to enter a guilty plea today, I am going to have to make sure you understand your rights and the consequences of your plea as this is a very serious decision.

And, Mr. Tulman, just for the record, is there in fact a written agreement with the government?

MR. TULMAN:  There is, your Honor.

THE COURT:  And Mr. Campbell, Mr. Sandlar, is that also your understanding?

MR. CAMPBELL:  Yes, your Honor.

THE COURT:  Okay.  Mr. Zhu, I'm going to explain some things and I'm going to ask you some questions.  I want your answers to be under oath and my deputy will administer the oath.

THE COURTROOM DEPUTY:  Mr. Zhu, please stand and raise your right hand for me.

(The defendant, ERIC ZHU, was sworn/affirmed.)

THE DEFENDANT:  Yes.

THE COURT:  Thank you very much.  You can be seated.

Mr. Zhu, now that you have been sworn to tell the truth, you must tell the truth.  If you were to deliberately lie or omit material information in response to any question I ask you, you could face additional criminal charges for perjury or for making a false statement.

PROCEEDINGS

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: In any such prosecution the government could use any statements you make under oath here today against you.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: If I say anything that you don't understand or if you need me to repeat anything, please ask. It's extremely important that you understand everything that goes on in this proceeding. Is that clear?

THE DEFENDANT: Yes, your Honor.

THE COURT: Also, if you need to speak privately with Mr. Tulman at any point at all, please let me know, we will pause this proceeding, take as much time as you need to speak with him. Will you agree to do that?

THE DEFENDANT: Yes, your Honor.

THE COURT: The first issue I want to address in connection with the plea is your consent for me to hear your plea today.

I am a United States Magistrate Judge. However, United States Judge Diane Gujarati is the assigned district judge in this case. She will sentence you and will make the ultimate decision as to whether to accept your guilty plea. You have the absolute right to have Judge Gujarati listen to

PROCEEDINGS

your guilty plea.  If you choose to do so, there will be no prejudice to you.  However, if you choose, you can waive or give up the right to have Judge Gujarati listen to your plea.  Instead, I will listen to your plea.

As mentioned earlier, this proceeding is being recorded and a transcript will be made of this proceeding. Judge Gujarati would review that transcript and decide whether to accept your plea.  She would also review that transcript before deciding what your sentence will be.

I do have a consent to plead before a magistrate judge and it is dated today, November 18th, 2025.

Have you seen this document, sir?

THE DEFENDANT:  Yes, it's in front of me, your Honor.

THE COURT:  Okay.  And the copy that I have in front of me, is this your signature on the first line?

THE DEFENDANT:  I can't see, but I believe so.

THE COURT:  Ms. Yu will bring it over to you.

THE DEFENDANT:  Yes, that's my signature, your Honor.

THE COURT:  Okay.  And Mr. Tulman, is that your signature --

MR. TULMAN:  Yes, your Honor.

THE COURT:  -- underneath your client's?

MR. TULMAN:  It is, your Honor.

PROCEEDINGS

THE COURT:  And Mr. Campbell, is this your signature above the name of the U.S. Attorney?

MR. CAMPBELL:  Yes, Judge.

THE COURT:  Okay.

Now, Mr. Zhu, have you had enough time to discuss this document with your attorney?

THE DEFENDANT:  Yes, I have, your Honor.

THE COURT:  Let me summarize what it says.

It says that you've been informed of your right to have your plea taken before a United States District Judge and I'm the person that informed you about that.  It says you've been advised that you can agree to have your plea taken before a magistrate judge, in this case me.  It also says that you understand you won't suffer any prejudice if you choose not to consent.  It further states that you understand that if you don't consent to have a plea before a magistrate judge, then the assigned district judge will conduct the plea.

It also says that you've discussed this fully with your attorney and after doing that you agree to enter your plea before a magistrate judge, in this case me.

Do you understand what I just summarized for you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you wish to give up your right to have Judge Gujarati listen to your plea?

PROCEEDINGS

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you making this decision voluntarily and of your own free will?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has anyone threatened you or promised you anything to get you to agree to have me hear your plea?

THE DEFENDANT:  No, your Honor.

THE COURT:  Then I find, again, that Mr. Zhu's knowingly and voluntarily consenting to plead before the magistrate judge.  I have now signed the consent.

Now, I have to ask you questions about yourself and your state of mind.  Please state your full name.

THE DEFENDANT:  Eric Zhu.

THE COURT:  How old are you?

THE DEFENDANT:  I'm 28.

THE COURT:  I'm sorry?

THE DEFENDANT:  I am 28.

THE COURT:  Twenty-eight?

THE DEFENDANT:  Yes.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Almost associate's in college.

THE COURT:  Have you had any problems communicating with your attorney?

THE DEFENDANT:  No.

THE COURT:  Are you now or have you recently been

under the care of a doctor or a psychiatrist for any reason?

THE DEFENDANT:  No.

THE COURT:  Are you taking any medications?

THE DEFENDANT:  No.

THE COURT:  Have you had any alcohol to drink within the last 24 hours?

THE DEFENDANT:  No.

THE COURT:  Have you taken any drugs recently?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for drug addiction?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for alcoholism?

THE DEFENDANT:  No.

THE COURT:  Is your -- excuse me.  Have you ever been treated for a mental or emotional issue?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear now?

THE DEFENDANT:  Yes.

THE COURT:  You understand why you're here and what we're doing here today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I note for the record that the defendant appears alert and able to understand my questions

14

PROCEEDINGS

as well as today's proceedings.

Mr. Tulman, have you had any problems communicating with your client?

MR. TULMAN:  No, your Honor.

THE COURT:  Is he capable of understanding the nature of the charge to which he is pleading guilty?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Have you discussed the charge with your client and what it means to plead guilty?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Have you advised him of the maximum sentence and fine that can be imposed as a result of his plea?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Have you discussed with him how the sentencing guidelines operate?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Have you discussed with him any potential immigration consequences of his guilty plea?

MR. TULMAN:  My understanding is he's a citizen of the United States, but I have discussed immigration consequences.

THE COURT:  Okay.  Are you satisfied that he understood all of your discussions?

MR. TULMAN:  Yes, your Honor.

15

PROCEEDINGS

THE COURT:  And do you think he understands the rights that he'll be giving up by pleading guilty?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Do you have any doubt about your client's competence to plead guilty here today?

MR. TULMAN:  No, your Honor.

THE COURT:  Mr. Zhu, have you had enough time to discuss your case with your attorney?

THE DEFENDANT:  Yes, I have, your Honor.

THE COURT:  Are you satisfied with the assistance your attorney has given you in this case?

THE DEFENDANT:  Yes.

THE COURT:  I'd like to review that charge against you in a little bit more detail.  Have you discussed this charge in the information with your attorney?

THE DEFENDANT:  Yes, I have, your Honor.

THE COURT:  And you have a copy of the information in front of you, correct?

THE DEFENDANT:  Yes.

THE COURT:  Now you are seeking to plead guilty to the sole count of the information charging you with healthcare fraud conspiracy.  To convict you of this offense, the government would have to prove beyond a reasonable doubt the following elements:

First, that two or more people formed an unlawful

PROCEEDINGS

agreement between January 2020 and August 2025.

Second, that the object or purpose of that agreement was to commit healthcare fraud and, third, that you knowingly and intentionally entered into that agreement.

Now, as mentioned, the object of this conspiracy is healthcare fraud which in turn has the following elements:

First, a scheme or artifice to defraud any healthcare benefit program, or a scheme or artifice to obtain money or property owned or controlled by that program by materially false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for healthcare fraud benefits, items or services.

Second, knowing and willful participation in such a scheme with knowledge of its fraudulent nature and with specific intent to defraud.

And, third, the target of the scheme was a healthcare benefit program including Medicaid.

Do you understand what the government would have to prove to convict you of this offense?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Counsels, have I misstated or omitted any of the essential elements of the offense?

MR. CAMPBELL:  No, your Honor.

PROCEEDINGS

MR. TULMAN:  No, your Honor.

THE COURT:  Mr. Campbell, under the Crime Victims Rights Act, crime victims have the right to be reasonably heard at any public proceeding in the district court, including plea hearings.  Does this case implicate the CVRA?

MR. CAMPBELL:  No, your Honor, the only victim is Medicare, which is a government entity.

THE COURT:  Understood.

Mr. Zhu, by pleading guilty, as mentioned, you are giving up very valuable rights.  I want to make sure that you understand all the rights you will be giving up if you plead guilty.

First, you have the right to plead not guilty and to continue to plead not guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you plead not guilty, under the Constitution and laws of the United States, you have a right to a speedy and public trial before a jury.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You have the right to be represented by an attorney at any trial and at every other stage of the proceedings.  If you cannot afford an attorney one would be appointed for you by the Court at no charge.

PROCEEDINGS

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial, you would be presumed innocent.  The government would have to prove you guilty beyond a reasonable doubt based on the elements I just described to you.  You do not have to prove that you are innocent.  If the government failed to prove you guilty beyond a reasonable doubt, then the jury would have to find you not guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial, witnesses for the government would have to come to court and to testify in your presence. Your lawyer would have the right to cross examine those witnesses and to raise objections to the government's evidence.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial, you also have the right to offer testimony or other evidence in your defense and you have the right to compel witnesses to testify on your behalf.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial, you would have the right to

PROCEEDINGS

testify on your own behalf if you chose to, but if you chose not to testify, then could you not be forced to or required to.  This is because under the Constitution and laws of the United States you cannot be compelled to be a witness against yourself and to incriminate yourself.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Also, if you chose not to testify or to present any evidence whatsoever in your own defense, the fact that you chose not to do so could not be used against you.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you plead guilty to the crime charged and if your guilty plea is accepted, based on my recommendation, you will be giving up your right to a trial and all the other trial rights I've just described.  There will not be a trial.  Instead, you will stand convicted of the crime to which you are pleading guilty just as if a jury had found you guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you plead guilty, I will have to ask you certain questions about what you did in order to satisfy Judge Gujarati and me that you are in fact guilty of

PROCEEDINGS

the charge to which you are pleading guilty.  You will have to answer my questions truthfully and acknowledge your guilt.  In other words, you will be giving up your right not to incriminate yourself.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you willing to give up your right to a trial and all of the other trial rights I've just described?

THE DEFENDANT:  Yes, I am, your Honor.

THE COURT:  Now, as mentioned, there is a written agreement in this case.  I am marking this document as Court's Exhibit 1, and have you had an opportunity to review this document?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And did you discuss this document with your attorney?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I'm going to turn to the last page of the agreement and there is an acknowledgment at the bottom of the page.  I'm going to read it into the record.

It says, quote, I have read the entire agreement and discussed it with my attorney.  I understand all of its terms and am entering into it knowingly and voluntarily, end quote.

PROCEEDINGS

Now underneath that there are two signature lines. Is this your signature line directly over -- sorry, is this your signature directly over your name?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And, Mr. Tulman, is this your signature above your name?

MR. TULMAN:  It is, your Honor.

THE COURT:  Mr. Campbell, is this your signature above your name?

MR. CAMPBELL:  Yes, your Honor.

THE COURT:  And below your signature, is that the signature of the advisory assistant attorney?

MR. CAMPBELL:  Yes.

THE COURT:  And below that is that signature of the assistant chief or an assistant chief of the fraud section?

MR. CAMPBELL:  It's mine placed with permission of that individual.

THE COURT:  Okay.  And is that also -- is the defense also aware of that?

MR. TULMAN:  I am now and we have no objection to it.

THE COURT:  Okay.  I will note that this document is signed actually as of November 10, 2025.

Now, Mr. Zhu, by signing this agreement do you

PROCEEDINGS

agree to all of the terms of the agreement?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  And does this agreement accurately represent your entire understanding of your agreement with the government concerning your plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Tulman, have you discussed this agreement with your client?

MR. TULMAN:  I have, your Honor.

THE COURT:  Do you believe he fully understands the terms of this agreement?

MR. TULMAN:  I do, your Honor.

THE COURT:  Does this agreement contain all the promises made between the government and your client in exchange for his plea of guilty?

MR. TULMAN:  Yes, your Honor.

THE COURT:  Mr. Campbell, does the agreement contain all the promises made between the government and the defendant in exchange for his plea of guilty?

MR. CAMPBELL:  Yes.

THE COURT:  I'd now like to review with you the consequences of pleading guilty.  The charge healthcare fraud conspiracy carries the following potential penalties:

First, there is a 10-year maximum term of imprisonment, although there is no minimum term of

PROCEEDINGS

imprisonment.

After any prison term, you could be sentenced to up to three years of supervised release.  What that means is, if you are sentenced to a term of imprisonment, then after you are released from prison, you would be supervised by the Probation Department and have to abide by certain restrictions and requirements for up to three years.  If you violate any of the conditions of supervised release during this period, you could be sentenced to up to two more years in prison without credit for the time that you had been on supervised release or in prison in this case.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  There's a maximum possible fine of the greater of the following two numbers.  Either $250,000 or the greater of twice the gross gain to you or twice the gross loss to someone else.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The Court has the authority to impose restitution where applicable.

Mr. Campbell, is restitution an issue in this case?

MR. CAMPBELL:  It is.

THE COURT:  And specifically restitution is

PROCEEDINGS

mandatory in the amount of $3,169,335 payable in accordance with the Court's restitution order.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You will also be required to pay a mandatory special assessment of $100.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Forfeiture is mandatory as set forth in your plea agreement.  Primarily you agree that the Court may enter a forfeiture money judgment in the amount of at least $1.5 million.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You also agree to give up all right, title and interest in certain assets as set forth in your agreement with the government and you also agree that you give up any right to a jury trial or hearing on the issue of forfeiture.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I also note for the record that the government had provided a draft Order of Forfeiture to the Court in advance of this plea proceeding.

Now, another result of pleading guilty to this

PROCEEDINGS

offense is that you will be excluded from Medicaid, Medicare and all federal healthcare programs as set forth in your plea agreement.  This will not, however, affect your right to apply for and receive benefits as a beneficiary under these programs.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now I know that it's been stated that you are a U.S. citizen; however, if you are not a U.S. citizen or you are not a naturalized U.S. citizen, then another result of pleading guilty is that you could be removed from the U.S., denied citizenship or denaturalized and forbidden from reentering the United States without the permission of the attorney general or some other authority after deportation.  Of course, naturalization removal or any other immigration consequence would be the subject of a completely separate proceeding, and again this is only applicable if you are not a U.S. citizen or if you are a naturalized citizen of the U.S.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that no one, including your attorney or the Court, could predict with certainty, if you are not a U.S. citizen or if you are a naturalized citizen, the affect of your conviction in this

PROCEEDINGS

case on your immigration status?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you still wish to plead guilty regardless of any immigration consequences that could result from your guilty plea even if those consequences could include your removal from the United States?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You are pleading guilty to a felony offense.  If the district judge accepts your plea, you will be considered guilty of that felony offense.  A felony conviction means you may not possess a firearm, ammunition or destructive device.  That means that after you are convicted, if you ever possess a firearm, ammunition or a destructive device you could be prosecuted in the future for being a felon in possession.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition, having a felony conviction means you may not have other civil rights such as the right to vote or serve on a jury.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Campbell, have I misstated or omitted any of the penalties or consequences for pleading guilty?

PROCEEDINGS

MR. CAMPBELL:  No, your Honor.

THE COURT:  Mr. Zhu, do you understand all the consequences of pleading guilty that I have just described?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, as I mentioned, if you plead guilty, Judge Gujarati will sentence you, and I want to briefly review how she will determine your sentence.

Judge Gujarati will undergo an analysis to determine what a reasonable sentence is in your case.  As a first step she must consider the advisory sentencing guidelines that are issued by the United States Sentencing Commission.  The guidelines are just what they say.  In other words, they are a guide to help the Court decide how to sentence you.  They are not mandatory but the Court is required to at least consider them.

Have you had a chance to discuss the sentencing guidelines with your lawyer?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  As a second step, the Court will also consider guidelines factors that may allow her to sentence you above or below the applicable sentencing guidelines range, that's the known as departing upward or departing downward from that range.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

PROCEEDINGS

THE COURT: Finally, the Court must consider several factors set forth in the sentencing statute against all the facts and circumstances of the case to determine whether to impose a sentence within or outside of the guidelines range. Some of those factors include the nature and circumstances of the crime that was committed, your characteristics and history, the kinds of sentences available, and deterring you or others from committing crimes, among other factors.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: What this means generally is that until your sentencing hearing, you can't know with any certainty what the guidelines range will be, whether there will be grounds to depart upwardly or downwardly from that range, or whether the Court will impose a sentence outside the guidelines.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: To help the judge decide your sentence, the Probation Department will prepare a report about the case. It's called a Presentence Investigation Report. It's also known as the PSR or just the report. The report will include facts about the case and about your background and the law that applies to the case. Probation

PROCEEDINGS

will want to interview you and you can of course have your attorney present for that interview.  Probation will also talk with the prosecutors or the law enforcement agents involved in the case and possibly others.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The report also includes a recommended guidelines calculation based on the circumstances of the offense and the extent of your criminal history.  Your attorney will be able to review and discuss the report with you and to challenge information stated in the report.  The government may also challenge information stated in the report.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At the sentencing hearing, the Court will hear arguments from your attorneys and the attorneys for the government about any objections to the report and then will rule on them.  And then the judge will listen to you, if you choose to speak, to your attorney, to the attorneys for the government and maybe others about what the sentence should be.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The judge will calculate the

PROCEEDINGS

applicable sentencing guidelines and consider them and the statutory factors, and then she'll impose a sentence based on all of that.

Do you understand this sentencing process that I just described?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I'm now going to ask counsel for both sides what their estimates are of the guidelines in this case.  I'm going to start with you, Mr. Campbell.  I'm just going to ask you to stick with the Criminal History Category, the total adjusted offense level, and then the corresponding guidelines range without all of the underlying calculations.

MR. CAMPBELL:  Yes, your Honor.  With a way Criminal History Category I and a total adjusted offense level of 25, the government's estimate is 57 to 71 months.

THE COURT:  And, Mr. Tulman, is that consistent with your understanding?

MR. TULMAN:  We share that view.

THE COURT:  Okay.  Now in your agreement with the government, Mr. Zhu, you also stipulated or agreed with the guidelines calculation that the attorneys just described.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  While I have asked the attorneys to

31
PROCEEDINGS

estimate the applicable guideline range and you agree with that estimate, the estimate that you heard is not binding on the Court. Judge Gujarati will do her own sentencing guidelines calculation and that is the calculation that will be used at sentencing.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Even if your actual guidelines range is different from the estimate, you will not be allowed to withdraw your plea of guilty on that basis.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Similarly, if you are sentenced to something different from what the estimated sentencing guideline range will be, you will not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: You should also understand that there is no such thing as parole in the federal system. If you are sentenced to prison, you will not be released on parole.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now, under some circumstances either you or the government may have the right to appeal any

PROCEEDINGS

sentence imposed on you.  For example, if you thought the judge made a mistake in sentencing you, you would have the right to appeal.  However, in your agreement with the government, you agreed that you will not appeal or otherwise challenge the following:  Number one, the conviction.

Number two, the sentence, if you are sentenced to 78 months or fewer in prison.

Number three, the duration of any supervised release term, if it's less than or the same as the maximum allowed under the statutes, or any supervised release condition if you had notice and your lawyer had an opportunity to object to it before sentencing.

Now you can still assert claims of ineffective assistance of counsel.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Counsels, is there anything else in the written agreement that I need to review with the defendant?  Mr. Campbell?

MR. CAMPBELL:  No, your Honor.

THE COURT:  Mr. Tulman?

MR. TULMAN:  No, your Honor.

THE COURT:  And Mr. Zhu, do you have any questions about anything that I have described or discussed with you today?

PROCEEDINGS

THE DEFENDANT:  No, your Honor.

THE COURT:  Do you need any time to discuss anything with Mr. Tulman?

THE DEFENDANT:  No, your Honor.

THE COURT:  Mr. Tulman, do you know of any reason why your client should not plead guilty?

MR. TULMAN:  No, your Honor.

THE COURT:  Are you aware of any viable legal defense to the charge?

MR. TULMAN:  No, your Honor.

THE COURT:  Mr. Zhu, are you ready to plead at this time?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Then what is your plea to the sole count of the information charging you with healthcare fraud conspiracy, guilty or not guilty?

THE DEFENDANT:  I plead guilty, your Honor.

THE COURT:  Are you pleading guilty voluntarily and of your own free will?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has anyone threatened you or forced you to plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Other than the promises in your written agreement with the government, has anyone promised

PROCEEDINGS

you anything to make you plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone made any promise to you as to what your sentence will be?

THE DEFENDANT:  No, your Honor.

THE COURT:  Then please tell me in your own words what you did to make you guilty of the crime charged in the sole count of the information.

Now I notice that you have a document in front of you.  Are you going to be reading from that document?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Did you prepare that document?

THE DEFENDANT:  With assistance of my attorney, your Honor.

THE COURT:  Okay.  Do you agree with everything that you're about to read from that document?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Then just, please, read loudly and slowly so that the recording can pick up everything that you're saying.

THE DEFENDANT:  Okay.

THE COURT:  Go ahead.

THE DEFENDANT:  During the time period charged in the information with the intent to defraud a healthcare benefit program including Medicaid, I agreed to join with

35

PROCEEDINGS

others in an unlawful scheme to defraud a healthcare benefit program funded by Medicaid.  As a -- as part of the scheme, I paid and supervised the payment of kickbacks in cash to senior citizens -- senior Medicaid recipients to induce them to become and remain clients of Prime Life Adult Daycare LLC, an adult daycare center located in Brooklyn, New York.

As part of this scheme, I would submit claims to Medicaid for adult care services provided to Prime Life senior citizen clients, whether the services were actually provided or not.  As a result, I knowingly caused numerous false and fraudulent claims to be submitted for adult daycare services not actually provided.

To obtain the cash to pay kickbacks to senior citizens, I would launder the proceeds obtained from the healthcare benefit program and write checks to third parties to obtain cash to pay the senior citizens.

I knew what I was doing was wrong and I apologize for my actions.

Thank you, your Honor.

THE COURT:  Thank you.  Mr. Campbell.

MR. CAMPBELL:  Your Honor, we have no further request as to the allocution.  We could put on the record additional proffer of facts if the Court wishes.

THE COURT:  Well, let me just ask Mr. Zhu one maybe two questions.  Actually you know what?  No, I just

PROCEEDINGS

realized what you said.  I have no further questions for you, Mr. Zhu.

Mr. Campbell, which of the elements would you be addressing if you put additional facts on the record?

MR. CAMPBELL:  I'd be happy to address what we would introduce at trial and the entire scheme, but if the Court has no questions...

THE COURT:  I don't believe so.  I think that Mr. Zhu's allocution for a somewhat complicated scheme was clear, and he indicated that he understood when he agreed to do this that was with the intent to defraud, and he is nodding in response to me making that statement.  Okay.

Mr. Tulman, do you have anything to add?

MR. TULMAN:  No, your Honor.

THE COURT:  Then based on the information given to me I make the following findings:  First, I find that Mr. Zhu is competent to proceed.

Second, I find that he is acting voluntarily and that his plea is not the result of any force, threat or undisclosed promises.

Third, I find that he fully understands his rights and the potential consequences of his plea.

Finally, I find that there is a factual basis for the plea, meaning that he did what is charged in the information.  I, therefore, respectfully recommend that the

PROCEEDINGS

Court accept Mr. Zhu's plea of guilty to the sole count of the information.

Now, Mr. Zhu, the next step is that you would meet with someone from the Probation Department to prepare that Presentence Investigation Report that I described earlier. I urge you to cooperate with them, obviously of course with the advice of your attorney. You must be truthful and forthcoming with the probation officer when you meet with them.

Now sentencing is scheduled before Judge Gujarati for Tuesday, March 10, 2026 at 10 a.m. in Courtroom 4B, as in boy, south. That's Tuesday, March 10, 2026, 10 a.m. 4B South.

The parties shall review and comply with Judge Gujarati's individual rules for sentencing submissions.

Mr. Zhu is currently on bond. Is the government seeking remand?

MR. CAMPBELL: No, your Honor, we're asking for no changes on the current conditions.

THE COURT: Then Mr. Zhu, you will remain on release still subject to the same conditions of release that you have been complying with while you have been released during this time.

For the record, I am returning to the government the fully executed copy of the written agreement between the

PROCEEDINGS

government and the defendant that has now been marked as a court exhibit for the government's files as well as to provide a copy of it to the defense because now it has the court exhibit on it.

Anything else from Mr. Zhu, Mr. Tulman?

MR. TULMAN:  No, your Honor.

THE COURT:  Anything else from the government?

MR. CAMPBELL:  No, your Honor.  Thank you.

THE COURT:  All right.  Thank you all.  We are adjourned.  I wish everyone and your families a very happy, healthy holiday season.

MR. TULMAN:  Thank you, your Honor, take care.

THE DEFENDANT:  Thank you, your Honor.

THE COURTROOM DEPUTY:  I'll give you that as well. Thank you.  And I can forward it to Drew.

(Matter concluded.)

                    *    *    *    *    *

I certify that the foregoing is an accurate transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


s/ Georgette K. Betts                December 15, 2025

GEORGETTE K. BETTS                   DATE




*GEORGETTE K. BETTS, RPR, FCRR, CCR*