**Your Honor,**

My name is Judy Zhu, and Eric Zhu is my older brother. There are three of us siblings in total, with our youngest brother being five years younger. Eric and I are only a year apart, so growing up, we did almost everything together. Like many older brothers, he could be a bit of a bully and often talked back to our parents. I was the "yes" child, so even though he was usually the one getting into trouble, we were often disciplined together—our mother believed in saying things once and making sure the lesson stuck.

Both of our parents are immigrants who started by owning a Chinese restaurant in Chinatown to support our family. Despite living in America for nearly three decades, they never learned English. As the eldest, Eric took on responsibilities far beyond his years. He translated mail, helped with official matters, and even attended court hearings related to sanitation violations. I remember a specific instance when my father asked him to stay at the restaurant to translate during a DOHMH inspection on the same day as his middle school entrance exam. He missed the exam and was placed in a zoned middle school instead. A few years later, when the restaurant began struggling, my parents sold it and entered the Social Adult Daycare (SADC) field.

When they made this transition, I was a senior in high school and Eric was a freshman in college. Neither of us initially planned to join the family business. Eric had his own pursuits, starting with trading Pokémon and Yu-Gi-Oh cards and eventually moving into selling sneakers. Although my parents encouraged me to help out occasionally, I did not enjoy the business. When it came time for college, I made what felt like a selfish decision to move away and attended the University at Buffalo. Eric, however, left college and began working at the SADC full-time. With our parents unfamiliar with the day-to-day operations, he took on immense responsibility. He taught himself compliance, taxes, and operational management—things I could not have imagined handling at that age.

The SADC industry is often run by owner-operators around my parents' age who manage their own businesses without placing that burden on their children. In Eric's case, it was different. He was introduced to the field by our parents and was pushed into taking on a leadership role.

Your Honor, I understand the seriousness of the charges my brother is facing. However, I respectfully ask for leniency in your consideration. In many families, parents serve as a source of protection and guidance. In our case, my parents involved Eric in a complex and challenging business environment at a young age. I do not believe they intended to place him in harm's way, but he ultimately bore the weight of those decisions. Eric should not be punished for striving to be a filial son, a responsible brother, and a provider for his wife and two children.

I respectfully ask that you give him another chance—to allow him the opportunity to return to school and pursue a career he genuinely enjoys. He grew up quickly and carried responsibilities that many his age never experience. While I sometimes find it frustrating when he tries to lecture me despite being only a year older, I know it comes from a place of care. He has always shown up for me when I needed him, and I do not want to see him put his life on hold again for something he did not intentionally fall into.

Thank you for your time and consideration.

Respectfully,
Judy Zhu

4/3/2026
The Honorable Diane Gujarati,
United States District Court for the Eastern District of New York

Re: Character letter for Eric Zhu

Dear Judge Gujarati:

My name is Qin Chen, and I have served as the president of our homeowners' association since 2021. I am writing to share my experience with Eric, whom I have come to know through our community.

From the time I became president, I repeatedly encouraged Eric to join the HOA board due to his reliability and active involvement. He consistently declined, explaining that he prefers to contribute without a formal title, as he is mindful of not taking on responsibilities he may not be able to fulfill to others' expectations. Despite that, he has consistently been one of the most active and dependable members of our community.

Our HOA regularly organizes events for residents, including Easter celebrations for children, Halloween gatherings, and Christmas events. While these are officially organized by board members, Eric is always present behind the scenes, helping to set up, coordinate, and ensure everything runs smoothly. He developed a natural rapport with the younger children in our community—likely helped by the fact that he is still in his early twenties—which makes him especially approachable and well liked by them, including my own children.

Beyond events, Eric contributes in practical ways that directly benefit our neighbors. I have personally seen him volunteer his time to maintain the community—pulling weeds, sweeping sidewalks, and shoveling snow. I have also heard from residents on Beach Front Road, where Eric lives, that during the recent blizzard he spent hours helping neighbors shovel snow, particularly assisting an elderly resident. Even after his own electric shovel broke, he continued by coordinating with another neighbor who had better equipment to ensure the job was completed.

Another example that stands out is when Eric suggested that the HOA place a portion of its funds into bank certificates of deposit to generate interest income. Over the past several years, this decision has resulted in approximately $130,000 in interest, benefiting roughly 270 homeowners by helping offset possible future increases in HOA dues. This was not something he was required to do—he was not a member of the finance committee.

What defines Eric, in my experience, is that he contributes, solves problems, and steps away without expecting credit. In many cases, the board receives acknowledgment for the outcomes that Eric played a meaningful role in achieving. He frequently uses phrases like "we did it" and "it was a team effort," consistently redirecting recognition to others.

I can say that the person I know through years of consistent actions in our community is responsible, thoughtful, and committed to helping others.

I respectfully ask the Court to consider these aspects of his character when determining an appropriate sentence.

Respectfully,

Qin Chen
President, Arverne by The Sea HOA V
Qin@abtsthedunes.com

Law Offices of

# Edward J Cuccia

EDWARD J. CUCCIA, ESQ.
YUYING ZHU, ESQ.
WILFREDO SUAREZ, ESQ.

April 6, 2026

Scott Tulman, Esq.
230 Park Avenue, Fl. 18
New York, NY 10169

RE:    Eric Zhu

Dear Mr. Tulman:

I am writing this letter to voice my support for Eric Zhu.

I am the founding attorney of Edward J. Cuccia, P.C., a law firm specializing in immigration law. I am admitted to practice law before the Supreme Court of the State of New York, the Immigration Court, the Southern, Eastern, and Northern New York District Courts, and before both the Second and Third Federal Circuit Courts of Appeals. As an immigration specialist, I regularly appear before the Immigration Court defending non-citizens from removal. I am further a very active member in the lower Manhattan community. I am a board member of the Chinatown Business Improvement District and the legal consultant to many Associations in the Greater Little Italy and Chinatown area, including: the Councilmember Christopher Marte Advisory Board, the Kiwanis Clubs of New York, the Chinese Cultural Art Association, American East West Arts & Cultural Exchange, Inc., the Asian American Business Network Corp., the Greater Chinatown Civic Coalition.

I have known Eric Zhu for many many years. I originally met Eric Zhu when he first came to the United States many years ago. Since that time, I have stayed in contact with Eric Zhu. I can attest that Eric Zhu has donated much time and resources for the benefit of the community. Eric Zhu and I have worked together on a number of charitable and community events including: community choral singing events and immigration "know your rights" workshops.

I have found Eric Zhu to be a person of upstanding character and fitness. I have found Eric Zhu to be giving and kind and concerned about the community. I recommend Eric Zhu highly and urge that all consideration be given to Eric Zhu.

Please do not hesitate to contact me if you have any additional questions or concerns.

Sincerely,

Edward J. Cuccia, Esq.
Email: Edward@nycclawfirm.com



**THE ASSEMBLY**

**STATE OF NEW YORK**

**ALBANY**

LESTER CHANG
Assemblyman 49th District



RANKER
Cities

COMMITTEES
Aging
Banks
Education
Hou

April 7, 2026

The Honorable Diane Gujarati
United States District Court Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Character Reference for Eric Zhu
Docket No.: 1:25-CR-00340-001 (DG)

Dear Judge Gujarati,

I write in my capacity as a Member of the New York State Assembly to offer my perspective on the character of Mr. Eric Zhu. Based on my knowledge of his background, work, and contributions to the community, I have come to understand the nature of his character and the responsibilities he has carried from a young age.

Mr. Zhu became involved in his family's daycare business early in life. In order to support his family financially, he made the difficult decision to forgo completing his college education and instead assume a leading role in operating and sustaining the family business. This level of sacrifice and commitment to family responsibility is deeply commendable.

Since 2019, Mr. Zhu has helped manage a social adult day care center, where he has diligently served seniors in our district. Through this work, he has provided care, promoted wellness, and created an environment that empowers elderly members of the community to remain engaged and supported. He has also helped organize public safety initiatives in partnership with the NYPD, as well as cultural events that foster community connection and inclusion.

Mr. Zhu is a responsible and community-minded individual who demonstrates genuine care for those around him. He has opened his facility to community members and local leaders, including allowing elected officials to host events there at no cost. He has also supported and sponsored community initiatives, including events organized by the NYPD during times when community trust required strengthening. He has consistently shown a willingness to step forward and contribute his time and resources whenever the Chinatown community has been in need.

To my knowledge, Mr. Zhu has no prior criminal record. He is a devoted family man, married with two young daughters, ages five and six. In addition to supporting his immediate family, he also helps care for his elderly parents and grandparent, further demonstrating his strong sense of responsibility and commitment to family.

# THE ASSEMBLY
## STATE OF NEW YORK
### ALBANY

RANKER
Cities

COMMITTEES
Aging
Banks
Education
Housing

LESTER CHANG
Assemblyman 49ᵗʰ District



As someone who has taken on the responsibility of supporting not only his parents and siblings, but also his wife and children at a young age, he has worked hard to provide stability and make the best life possible for those who depend on him. He takes his role as a provider seriously and strives to contribute positively to both his family and the community around him.

I respectfully ask the Court to consider these aspects of his character when making its decision. My words are offered with a sincere belief in rehabilitation and in recognition of Mr. Zhu's character, his sense of responsibility, and his continued dedication to supporting his family and community. Mr. Zhu understands the seriousness of this situation and has remained cooperative throughout the process.

Thank you for your time and consideration.

Respectfully,

The Honorable Lester Chang 鄭永佳
NYS Assemblyman 49ᵗʰ AD纽约州眾議员

ALBANY OFFICE: Room 523, Legislative Office Building, Albany, New York 12248 • 518-455-3060, FAX: 518-455-5524
DISTRICT OFFICE: 6904 Fort Hamilton Parkway, Brooklyn, New York 11228 • 718-236-1764, FAX: 718-234-0986
EMAIL: changl@nyassembly.gov