# U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States | 25-CR-340 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Eric Zhu | Order of Forfeiture |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

United States Marshals Service

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
225 Cadman Plaza East, Brooklyn, New York 11201

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| JOSEPH NOCELLA, JR. United States Attorney - Eastern District of New York<br>271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201<br>Attn: Brendan G. King AUSA / Erik Hertel, ProMinds Records Examiner | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Pursuant to the Order of Forfeiture dated May 14, 2026, please deposit funds in the amount of $1,300,000.00 into the AFF. Chase Cashier's Check #9801834500 dated 05/13/2026 ($135,000.00); Bank of America Cashier's Check #6036103860 dated 05/14/2026 ($417,000.00); Cathey Bank Cashier's Check #2053004388 dated 05/14/2026 ($18,000.00); and East West Bank Cashier's Check # 651014813 dated 05/14/2026 ($730,000.00)
CATS ID #: 26-HHS-000035

*4 checks*

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| *Brendan G. King by AP* | | (718) 254-6006 | 6/4/2026 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 6/4/2026 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☑ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date 6/5/26 | Time | ☐ am ☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | | Signature of U.S. Marshal or Deputy | |

RECEIVED-USMS EDNY
JUN 4 '26 PM 12:20

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

A total of $1,300,000.00 (4 checks = $135,000.00 + $417,000.00 + $18,000.00 + $730,000.00) deposited into AFF on 6/5/2026.

1: 2025-CR-00340-2

Form USM-285
Rev. 03/21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

       - against -

ERIC ZHU,

          Defendant.

– – – – – – – – – – – – – – –X

ORDER OF FORFEITURE

25-CR-340 (DG)

WHEREAS, on or about November 18, 2025, Eric Zhu (the "defendant"), entered a plea of guilty to the offense charged in the Sole Count of the above-captioned Information, charging a violation of 18 U.S.C. § 1349; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), the defendant has consented to the entry of a forfeiture money judgment in the amount one million five hundred thousand dollars and zero cents ($1,500,000.00) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p).

2.      All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument.  The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Forfeiture Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full within 30 days of the defendant's sentencing (the "Due Date").

3.      If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4.      Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).  The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5.      The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States.  The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall not assist any

*United States v. Eric Zhu*, 25-CR-340 (DG)
Order of Forfeiture                                                                          Page 2

person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.

6.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.    The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10.     This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12.     The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Alfred Pelargu, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:    Brooklyn, New York
_____, 2026

SO ORDERED:

| SO ORDERED. | HONORABLE DIANE GUJARATI<br>UNITED STATES DISTRICT JUDGE<br>EASTERN DISTRICT OF NEW YORK |
| --- | --- |
| _/s/ Diane Gujarati_<br>DIANE GUJARATI<br>United States District Judge<br><br>Dated: ___May___ __14_, 20_26_<br>          Brooklyn, New York | |